■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SPIVEY, Appellant.—Judgment, Supreme Court, Bronx County, entered June 11, 1976, convicting defendant, on his plea of guilty, to the crime of attempted criminal possession of a weapon in the third degree is unanimously reversed, on the law, the plea of guilty is vacated, the motion to suppress is granted and the case remanded to the trial court for further proceedings. The facts here are that defendant pleaded guilty to attempted

criminal possession of a weapon in the third degree after his motion to suppress the weapon was denied. At approximately 12:46 A.M. while patrolling in a high-crime area, Officers Collins and Diaz received a radio call that a Black male, five feet 10 inches, wearing blue dungarees, white sneakers and brown leather jacket had committed a robbery at knifepoint. The police did not go to the scene of the crime to receive verification or amplification. The defendant was seen walking a few blocks from where the robbery occurred and he fit the description, but did not alter his direction or run and no weapon was observed. The officers, one officer with his gun drawn, stopped the defendant and ordered him to put his hands on top of a parked car. The defendant explained that he was on his way home on the Grand Concourse and had just come from the White Castle. Defendant, however, refused to give his name and address and during the conversation appeared nervous, and tried to remove his hands from the top of the car but was prevented from doing so. It was at this juncture the officers claimed to have seen bulges and patted the defendant down with one officer finding a holster in one pocket and the other officer finding a gun in another pocket. Later, the complainant arrived and exonerated defendant; whereupon he was arrested for possession of a weapon. The threshold question in cases of this nature is whether the predicate for the police action justified the extent of official intrusion on the individual. An approach with a drawn gun and an order to stop constitutes a seizure within the meaning of the Constitution. (People v Cantor, 36 NY2d 106.) Thus, while the police officers were justified in approaching defendant, they went beyond the "minimal intrusion of approaching to request information." (People v De Bour, 40 NY2d 210, 221.) The belated observations of the police officers cannot justify the action taken. The case is substantially on all fours with People v McLaurin (56 AD2d 80, 82) where this court held: "Recent cases have indicated that a police officer may not conduct a frisk at gunpoint in reliance upon information received through police radio calls where the information emanated from an anonymous source, and the police officer failed to first conduct any independent investigation, failed to make inquiry of the suspect and otherwise there was no independent verification of the information contained in the radio dispatch." Parenthetically, any gratuitous or spontaneous statements made by the defendant are also tainted by the illegal search (see People v Stewart, 41 NY2d 65). Concur—Birns, J. P., Evans, Lane and Markewich, JJ.